**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **ERICA N. CAMERON** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.** 3:19-cv-123-DPJ-FKB |
| **DURHAM SCHOOL SERVICES,** **SCHOOL SERVICES, LEROY** **CHANEY, AND TORRANCE VIRGIL** | **DEFENDANTS** |

**NOTICE OF REMOVAL**

Defendants Durham D&M LLC (named in the Complaint as "Durham School Services"), Leroy Chaney, and Torrance Virgil (collectively "Defendants")[1] hereby file this Notice of Removal to remove this action from the Circuit Court of Madison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. Pursuant to this removal, the Circuit Court of Madison County, Mississippi shall proceed no further with this action. As grounds for removal, Defendants state the following:

1.    On November 19, 2018, Plaintiff Erica Cameron ("Plaintiff") filed suit in the Circuit Court of Madison County, Mississippi in an action entitled *Erica N. Cameron vs. Durham School Services, Leroy Chaney, and Torrance Virgil*, Case No. CI 2018-248-JC. Plaintiff served her complaint on Defendants on January 17, 2019. A certified copy of all process and pleadings filed with the Circuit Court of Madison County, Mississippi is attached hereto as Exhibit "A."

---

[1] Plaintiff's caption in the action being removed from Madison County named a "School Services" as a defendant after naming "Durham School Services." This was a typographical error. Out of an abundance of caution, however, Defendants inform the Court that they also remove on behalf of "School Services." This full action is removable under Section 1331 and all Defendants are removed from the state court action to this Court.

263859.1

2.      Jurisdiction of this matter is founded on a claim or right arising under the Constitution, treaties or laws of the United States pursuant to 28 U.S.C. § 1331 and is removable without regard to the citizenship of the Parties.

3.      Under 28 U.S.C. § 1441(c), the entire case, even when it includes claims that are not within the original jurisdiction of this Court, may be removed.  Jurisdiction of any otherwise non-removable claims or causes of action is founded upon the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the United States District for the Southern District of Mississippi, Northern Division, because it is the district and division embracing the location of the state court where this suit is currently pending.

**FEDERAL QUESTION JURISDICTION IS ESTABLISHED**

5.      In this employment discrimination action, Plaintiff purports to base her claims on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

6.      The Court has original jurisdiction over the claims asserted in the Complaint under the aforementioned federal statutes, and removal therefore is proper under 28 U.S.C. § 1331.

7.      Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." It is not entirely clear from the face of the Complaint whether Plaintiff asserts state law claims (it does not appear that she does), but to the extent such claims exist, the Court may therefore exercise supplemental jurisdiction pursuant to Section 1367.

263859.1

## THE OTHER PREREQUISITES FOR REMOVAL ARE MET

8.    This Notice of Removal is timely, because Defendants were served on January 17, 2019, and this removal has therefore been made within 30 days of the date of service of the Complaint.  *See* 28 U.S.C. § 1446(b).

9.    Written notice of this Notice of Removal will be given to the adverse party as required by law.

10.    A true and correct copy of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court of Madison County, Mississippi, pursuant to 28 U.S.C. § 1446(d).

11.    Pursuant to Rule 5(b) of the Local Uniform Rules, a true and correct copy of the entire state-court file is attached hereto as Exhibit "A."

12.    Accordingly, Defendants pray that this Court accept and retain jurisdiction of this matter.

Respectfully submitted, this 14th day of February, 2019.

> **DURHAM SCHOOL SERVICES, LEROY CHANEY, AND TORRANCE VIRGIL**
>
> BY:    s/ *Ashley Eley Cannady*
> Ashley Eley Cannady (MSB#101253)
> BALCH & BINGHAM LLP
> Post Office Box 22587
> Jackson, Mississippi 39225-2587
> Telephone: (601) 961-9900
> Facsimile: (601) 961-4466
> acannady@balch.com
>
> Colton D. Long
> (*pro hac vice application forthcoming*)
> SEYFARTH SHAW LLP
> 233 S. Wacker Drive, Suite 8000
> Chicago, Illinois 60606
> Telephone:  (312) 460-5000
> Facsimile:  (312) 460-7000
> emclaughlin@seyfarth.com
> clong@seyfarth.com

263859.1

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day mailed, via United States

Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to:

Jarrod Mumford
The Jarrod D. Mumford Law Firm & Associates PLLC
510 George Street Suite 401
Jackson, MS 39022
Telephone: (769) 798-2002

This, the 14th day of February, 2019.

s/ *Ashley Eley Cannady*
ASHLEY ELEY CANNADY

4

263859.1